# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## ALPINE DIVISION

| | | |
|---|---|---|
| ERIC HEMPHILL, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § § | 4:18- cv-44 |
| CITY OF MONAHANS, MONAHANS POLICE DEPARTMENT, CHIEF OF POLICE WILLIAM RILEY (in his official and individual capacity), WARD COUNTY, WARD COUNTY SHERRIFS DEPT., and SHERIFF MIKEL STRICKLAND (in his official and individual capacity) | § § § § § § § § § § | JURY TRIAL DEMAND |
| Defendants. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, ERIC HEMPHILL asserts the following causes of action against Defendants: CITY OF MONAHANS, the MONAHANS POLICE DEPARMENT and CHIEF OF POLICE WILLIAM RILEY, in his OFFICIAL AND INDIVUDUAL CAPACITIES, WARD COUNTY, WARD COUNTY SHERIFF'S DEPARTMENT and WARD COUNTY SHERIFF MIKEL STRIKLAND, in his OFFICIAL AND INDIVIDUAL CAPACITIES, and would respectfully show this Honorable Court as follows:

# I. JURISDICTION

1. This action is brought, in part, pursuant to 42 U.S.C. §1983 for deprivation under the color of law of Plaintiff's rights as secured by the United States Constitution. As such, this Court has proper subject matter jurisdiction over those claims pursuant to 28 U.S.C. §1331. Further, this Court has jurisdiction pursuant to 28 U.S.C. §1343, §§2201 and 2202, this being an action arising under the First Amendment to the Constitution of the United States and asserting rights protected by the provisions of 42 U.S.C. §1983.

# II. VENUE

2. Plaintiff alleges that Defendants committed unlawful acts within the Western District of Texas. As such, venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the Western District of Texas.

# III. PARTIES

3. Plaintiff ERIC HEMPHILL is a citizen of the United States and a lawful resident of Midland County, Texas.

4. Defendant WARD COUNTY is a County and pursuant to CPRC Sec. 17.024(a), the County's citation must be served on the county judge, Honorable Greg M. Holly at 400 S. Allen, Ste. 100, Monahans, TX 79756. Ward County and the Sheriff Mikel Strikland and Sheriff (in his official and individual capacity) are located at 300 East 4th, Monahans, TX 79756.

5. Defendant CITY OF MONAHANS is a City and pursuant to CPRC Sec. 17.024(b), the City's citation may be served on the Mayor, Clerk, Secretary, or Treasurer at 112 W. 2nd St., Monahans, TX 79756. The Monahans Police Department and Chief of Police

William Riley and Chief (in his official and individual capacity) are located at 114 S. Bruce, Monahans, TX 79756.

## IV. FACTS

6. Mr. Hemphill first began working for WestStar Autoplex in March, 2012.

7. For the duration of his employment, Mr. Hemphill gave his best efforts to WestStar, and had no disciplinary history prior to his termination.

8. Unfortunately, Defendants interfered with Mr. Hemphill's employment, resulting in his termination.

9. After a negative national incident between an African American male and police officer took place, Mr. Hemphill exercised his First Amendment rights, via his private Facebook account, to post a satire of a commercial which directed criticism at the national situation where individuals, particularly African-Americans, are being killed at routine traffic stops.

10. In sworn testimony at a Texas Workforce Commission unemployment hearing, WestStar Autoplex Office Manager Terry Norton testified that on or about September 21, 2016, the dealership received telephone calls from the Monahans Chief of Police and the Ward County Sheriff's Department, regarding Mr. Hemphill's Facebook post.

11. Terry Norton further testified that the Monahans Police department and Ward County Sheriff's Department were upset with Mr. Hemphill's post. So upset that Monahan's Police Department and Ward County Sheriff's Department sent "on-duty" officers to the dealership.

12. One of the officers that arrived was Ward County Sheriff's Department Officer William Riley. Mr. Riley informed Terry Norton that he was an Investigator for the Monahans

Police Department. Upon information and belief, Mr. Riley transferred from the Ward County Sheriff's Department to the Monahan's Police Department. Mr. Riley is currently the Chief of Police for the Monahan's Police Department.

13. Defendant Riley would ultimately have a private meeting with WestStar General Manager Charles Cassell. Terry Norton's testimony confirmed that the officer's visit was to find out if WestStar felt the same as Mr. Hemphill.

14. Later that day, WestStar and Mr. Cassell made the decision to terminate Mr. Hemphill for the stated reason that he had made controversial statements on his Facebook page.

15. The Monahan's Police Department/Ward County Sheriff's Department continued to voice their dissatisfaction in the media, ultimately announcing in the media that Eric Hemphill had been terminated.

16. Mr. Hemphill was terminated because of his protected First Amendment activities.

## VI.  JURY DEMAND

17. Plaintiff hereby demands a trial by jury on all claims and defenses in this action.

## V.  CAUSES OF ACTION

**42 U.S.C. §1983—FIRST AMENDMENT**

**Free Speech Retaliation**

18. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

19. As described in the preceding paragraphs, the Defendant officers, violated Plaintiff's First Amendment right to speak and otherwise express himself on issues of public concern, without being retaliated against by the State.

20. In order to secure this fundamental right, the First Amendment clearly precludes any "State Action"—whether undertaken by the words of a statute or the conduct of a State

Actor—abridging the freedom of speech.

21. In the employment context, this right **protects public employees from being retaliated against** under the guise of adverse employment decisions. Such "adverse employment actions" are deemed unlawful because they seek to impose legal injury for the purpose of deterring specific speech from specific employees.

22. Because Plaintiff was not a public employee, neither the City of Monahans nor Ward County would ordinarily have anything to do with employment decisions involving the Plaintiff and his former employer, WestStar[1].

23. Under those circumstances, the Plaintiff's First Amendment rights would not be implicated by his firing, at all.

24. However, the officers' decision to contact WestStar and demand that the Plaintiff be fired **because the content of Plaintiff's speech** triggered the Plaintiff's aforementioned First Amendment protections.

25. The officers' misconduct described above was objectively unreasonable and was undertaken intentionally with reckless indifference to Plaintiff's federally protected rights.

26. On information and belief, officers' misconduct described above was undertaken pursuant to the policy and practice of Defendants in that:

   a. As a matter of both policy and practice, the Defendant municipalities directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

---

[1] Furthermore, if the Plaintiff had been an employee of either Defendant municipality and found himself in these same circumstances, his firing would be unquestionably unlawful.

b.  As a matter of both policy and practice, the Defendant municipalities—specifically, through the Chief of Police, facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading their officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses, such as those affecting Plaintiff;

c.  The Defendant municipalities have failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

27.  The misconduct described in this Cause of Action was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Monahans and Ward County, are liable for their actions.

28.  As a result of unjustified and unreasonable conduct of the Defendant Officers, as well as the Defendant municipalities policy and practice, Plaintiff has suffered legal injuries.

**42 U.S.C. §1983—FIRST AMENDMENT**

**Political/Ideological Affiliation Retaliation**

29.  Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

30.  As described in the preceding paragraphs, the Defendant municipalities and officers, violated Plaintiff's First Amendment right to affiliate with the political candidates or ideas of his choice, without being retaliated against by the State.

31.  In order to secure this fundamental right, the First Amendment clearly precludes any "State Action"—whether undertaken by the words of a statute or the conduct of a State Actor—abridging the freedom of speech.

32.  In the employment context, this right p*rotects public employees from being retaliated*

*against* under the guise of adverse employment decisions. Such "adverse employment actions" are deemed unlawful because they seek to impose legal injury for the purpose of deterring (or mandating) specific affiliation with specific candidates, causes or ideas.

33. Because Plaintiff was not a public employee, neither the City of Monahans nor Ward County would ordinarily have anything to do with employment decisions involving the Plaintiff and his former employer, WestStar.

34. Under those circumstances, the Plaintiff's First Amendment right to affiliate himself with the political ideas he so chooses would not be implicated by his firing, at all.

35. However, the officers' decision to contact WestStar and demand that the Plaintiff be fired *because of the ideas with which Plaintiff chose to affiliate himself* triggered the Plaintiff's aforementioned First Amendment protections.

36. The Government is not insulated from constitutional limitations because it outsources some of the misconduct in order to produce a result which it could not command directly. Such interference with constitutional rights is impermissible.

37. The officers' misconduct described above was objectively unreasonable and was undertaken intentionally with reckless indifference to Plaintiff's federally protected rights.

38. On information and belief, officers' misconduct described above was undertaken pursuant to the policy and practice of Defendants in that:

    a. As a matter of both policy and practice, the Defendant municipalities directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the Defendant municipalities—specifically, through the Chief of Police, facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading their officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses, such as those affecting Plaintiff;

c. The Defendant municipalities have failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

39. The misconduct described in this Cause of Action was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Monahans and Ward County, is liable for their actions.

40. As a result of unjustified and unreasonable conduct of the Defendant Officers, as well as the Defendant municipalities policy and practice, Plaintiff has suffered legal injuries.

## VII.  PRAYER

WHEREFORE, Plaintiff Eric Hemphill requests that Defendant be cited to appear and answer, and that, after trial by jury, Plaintiff take judgment against Defendant as follows:

a. Judgment against Defendant for a sum within the jurisdiction limits of the Court;

b. Economic damages including back pay;

c. Reinstatement if reinstatement is deemed feasible.  If reinstatement is not deemed feasible, economic damages including front pay;

d. Compensatory damages;

f.      Actual and nominal damages including out-of-pocket losses of Mr. Hemphill;

g.      Punitive damages;

h.      Pre-judgment interest in the maximum amount allowed by law;

i.      Post-judgment interest in the maximum amount allowed by law;

j.      Reasonable and necessary attorneys' fees;

k.      Costs of suit; and

l.      Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

Date: September 19, 2018

 /s/ *Adam S.Greenfield*

Adam S. Greenfield
Texas Bar No. 24075494
agreenfield@candglegal.com
*Board Certified in Labor & Employment Law by the Texas Board of Legal Specialization*

Edward Cloutman, IV
Texas Bar No. 24074046
ecloutman@candglegal.com

Edward Cloutman, III – Of Counsel
State Bar No. 04411000
crawfishll@prodigy.net

**Cloutman & Greenfield, PLLC**
3301 Elm Street
Dallas, Texas 75226
214.939.9224
214.939.9229 FAX

**COUNSELS FOR PLAINTIFF**